1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CV-18 JCM (GWF) |
| Plaintiff(s), | |
| v. | |
| LEON BENZER, et al. | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendant Charles McChesney's motion (doc. # 145) for de novo review and appeal of Magistrate Judge Leen's detention order, (doc. # 133). The government filed a response. (Doc. # 163). Defendant filed a reply. (Doc. # 178).

**I.    Background**

On January 15, 2013, defendant was indicted on one count of conspiracy to commit wire and mail fraud and three counts of wire fraud. (Doc. # 1). On January 16, 2013, defendant made his initial appearance and was released on a conditional personal recognizance bond. (Doc. # 13). During his initial appearance, defendant objected to a pretrial release condition which would have prohibited him from possessing a firearm, arguing that such a limitation would interfere with his ability to teach a firearms course with the state "law enforcement academy." (Doc. # 160, 28:10-30:3). As a result, defendant was ordered not to possess a silencer or firearms, "except in connection with [his] teaching a certified firearms course." *Id.* at 30:24-31:2.

. . .

On April 24, 2013, defendant filed a motion to modify his terms of release to allow him to possess a firearm unconditionally. (Doc. # 100). The motion specifically noted that the court had included a provision in the original condition which allowed him to use a firearm for "teaching purposes." *Id.* at 2. This motion was denied shortly after defendant was arrested on a Nevada state criminal complaint charging him with a variety of violent crimes, including robbery with a deadly weapon, assault with use of a deadly weapon, extortionate collection of debt with use of a deadly weapon, home invasion, burglary, and grand larceny. (Doc. # 163-1). The criminal complaint alleges that, in 2011, defendant forcibly entered the victim's home, handcuffed her, and brandished a firearm in front of her three minor children in order to steal many of her belongings. *Id.* at 8-12.

As a result of defendant's state arrest, pretrial services filed a petition to revoke defendant's pretrial release, and a bail revocation hearing was held on June 25, 2013. (Doc. # 162). At the hearing, FBI Agent Michael Elliott revealed that, due to allegations of "gross misdemeanors" involving firearm use, defendant had been "permanently suspended" from "participating in any portion of the firearms instruction of the Bail Enforcement Academy" since 2010. *Id.* at 14:5-15:22. Agent Elliott also testified that defendant's wife reported that defendant had committed acts of domestic violence against her on two separate occasions since he had been released in connection with the indictment in this case. *Id.* at 18:13-19. Agent Elliott stated that the defendant's wife had recounted that both of these incidents involved defendant choking her and slamming her head against a wall and other hard surfaces. *Id.* at 21:6-22:20.

After recognizing that defendant: (1) misrepresented his need for a firearm in connection with his teaching a training course, (2) had an "extremely alarming" record of domestic violence allegations against him, and (3) had pending state felony charges "involving home invasion [and] robbery with a deadly weapon," Magistrate Judge Leen revoked defendant's pretrial release. *Id.* at 34:10-36:10.

On July 16, 2013, defendant filed the instant motion seeking de novo review and appeal of the magistrate judge's detention order. (Doc. # 145).

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II.       Legal Standard

Title 18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate . . . the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The standard of review is de novo. *See, e.g.*, *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990); *United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985). The court must review the evidence presented to the magistrate judge and make "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention. *Koenig*, 912 F.2d at 1192-93. The court may, but need not, hold an evidentiary hearing to make this determination. *See id.*

Pursuant to 18 U.S.C. § 3142(e), the court must detain a defendant if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The statute provides a list of factors for the court to consider in determining whether detention is necessary: "(1) The nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## III.       Discussion

After conducting a de novo review and making an independent determination, the court finds that defendant should be detained pending trial. The evidence presented in this case strongly indicates that defendant has been dishonest in his representations to the court and that he has a high probability of committing further acts of violence against others in the community.

First, the court is highly concerned with defendant's misrepresentations, which began during his initial appearance before the magistrate judge. Even though he had been permanently suspended from using firearms in his instruction at the College of Southern Nevada, the defendant specifically represented to the court that a pretrial release condition prohibiting him from possessing firearms would interfere with his teaching activities. (Doc. # 160, 28:10-30:3). With this in consideration, the

**James C. Mahan**
**U.S. District Judge**

1  magistrate judge altered the condition to allow defendant to use firearms exclusively in connection

2  with his course instruction. *Id.* at 30:24-31:2.

3      After using deception to obtain an inch, defendant compounded his dishonesty by trying to

4  take a mile. He moved for the court to entirely remove the firearm restriction, citing as support that

5  the magistrate had seen fit to grant him an exception for "teaching purposes." Had defendant not

6  been arrested on state charges shortly after, he may have succeeded in hoodwinking the court into

7  removing this pretrial release condition.

8      Second, the long history of domestic violence allegations against defendant indicates that he

9  presents a threat to the safety of individuals in the community. State charges involving domestic

10 violence were brought against defendant in both 2011 and 2012. These charges were dismissed when

11 his wife refused to assist in the prosecution. (Doc. # 162, 8:5-23). Taken alone, these dismissed

12 charges might not be enough to indicate that defendant presents any threat, but they strongly indicate

13 a pattern of violence when viewed in combination with the allegations that defendant has committed

14 two further acts of domestic abuse since being indicted in this case. (Doc. # 162, 20:20-21:6). The

15 court is particularly troubled by the accounts that defendant repeatedly choked his wife and slammed

16 her against walls and other hard surfaces. (Doc. # 162, 21:6-22:10).

17     Finally, the nature of the recent state charges that were brought against defendant corroborate

18 the narrative of defendant as a violent and dangerous individual. Though it is clear by all accounts

19 that the conduct alleged in these charges occurred before the indictment in the present case, these

20 allegations contribute to the body of evidence establishing a definite pattern of violence and

21 manipulation by defendant. The supporting documents indicate that defendant abused his position

22 as a bail enforcement officer to victimize an individual who was unlikely to report criminal acts

23 because of her own trouble with the law. Under the pretext of collecting a debt, defendant allegedly

24 entered the victim's home by force and brandished a gun at the victim and her young children in

25 order to take her personal property.

26     When put together, all of these pieces form the image of a man with a lack of regard for

27 authority who does not hesitate to use violence against helpless individuals if it suits his whims.

28

**James C. Mahan**
**U.S. District Judge**

Despite this, defendant suggests that conditions such as "curfew," "house arrest with electronic monitoring," and/or "restraining orders" would be sufficient alternatives to detention. Considering the variety of defendant's violent episodes and acts of disregard for the law, the court is convinced that these measures would not ensure defendant's compliance with the legal process or protect others from his violent outbursts.

Though the character of the charges in the indictment would not, by themselves, indicate that detention is necessary in this case, defendant's history is littered with episodes of dishonesty and violence clearly demonstrating that he presents a danger to his wife and others. Accordingly, this court finds that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community.

**IV.   Conclusion**

The court, upon a de novo review, finds that the facts and circumstances warrant the detention of defendant.[1]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Charles McChesney's motion for de novo review and appeal of the magistrate judge's detention order (doc. # 145) be, and the same hereby, is DENIED.

DATED October 11, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] The court acknowledges defendant's concern that this pretrial detention could become quite lengthy if the trial is continued beyond its currently scheduled date of March 3, 2014. However, defendant remains free to raise the issue if and when a motion for a continuance is brought in this case. *See United States v. Mukhtar*, 2:12-CR-0004-APG-GWF, 2013 WL 2147407, *3 (D. Nev. May 15, 2013).

James C. Mahan
U.S. District Judge