UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-CR-18 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| LEON BENZER, et al., | |
| Defendant(s). | |

Presently before the court is defendant Charles McChesney's ("defendant") motion for bail pending appeal. (Doc. # 774). The government filed a response, (doc. # 779), and defendant filed a reply and a supplement to his reply. (Docs. # 780, 782).

**I.      Background**

The facts of the instant case are familiar to the court and the parties. On January 26, 2015, defendant entered into a plea agreement and entered his guilty plea to four charges of the indictment on January 27, 2015. (Doc. #774).

On July 20, 2015, defendant was sentenced to 30 months per count to run concurrently, followed by three years of supervised release per count to run concurrently. (Doc. # 711). On September 7, 2015, defendant filed a notice of appeal. (Doc. # 759).

**II.     Legal Standard**

A person who has been found guilty of an offense and sentenced to a term of imprisonment should be detained pending appeal, unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . . ; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a

**James C. Mahan**
**U.S. District Judge**

sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

A defendant has the burden of proving that a substantial question exists. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). A substantial question is one that is "fairly debatable" or "fairly doubtful." *Id.*

The defendant "need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions." *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 s(9th Cir. 2003). However, as the Ninth Circuit noted in Handy, "the 'substantial question' test is stricter than the 'not frivolous' test" and not all appeals that are "not frivolous" are "substantial." Handy, 671 F.2d at 1282 n.1. Further, to show entitlement to release or bond pending appeal, the defendant must present a substantial question as to all counts on which imprisonment has been imposed. Id. at 1283.

### III. Discussion

#### a. *Flight Risk*

The parties agree that defendant is not a significant flight risk or a danger to the community. Accordingly, the remaining question before the court is whether the appeal raises a substantial question of law or fact such that reversal is likely. 18 U.S.C. § 3143(b)(1)(B).

#### b. *Substantial question of law*

In his appeal, defendant challenges his sentencing guideline calculation, which included a two-point upward adjustment of his offense level for ten or more victims pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i). (Doc. # 774). In its presentence report ("PSR"), probation calculated the two-point upward adjustment by counting the targeted HOA communities instead of the individual victims. Revised PSR at 78. Defendant argues that this calculation is contrary to Ninth Circuit precedent. (Doc. #774).

In order to be counted as a victim for the purposes of U.S.S.G. § 2B1.1(b)(2), a person must have sustained a loss that is "monetary or that is otherwise readily measurable in money and

James C. Mahan
U.S. District Judge

- 2 -

1  that loss must be included in the loss calculation." *United States v. Armstead*, 552 F.3d 769, 780-
2  81 (9th Cir. 2008); *United States v. Pham*, 545 F.3d 712, 722 (9th Cir. 2008). Defendant argues
3  that because the Vistana was the only HOA community for which he was held accountable, there
4  was only one victim for the purposes of U.S.S.G. § 2B1.1 (b)(2) and he should not have qualified
5  for the two level sentencing enhancement. (Doc. #774).

6  Without release pending appeal, defendant argues that he might serve more time than a
7  potential reduced sentence would permit. (Doc. #774) In order to justify this argument, defendant
8  speculates as to the result of his appeal. If he wins on appeal his offense level would be lowered
9  from Level 19 to Level 17, lowering the guideline range from 30 to 37 months to 24 to 30 months.
10  He then assumes that, because this court granted him the low end of the guideline range the first
11  time, it will do so again. If, after once again evaluating defendant's extensive involvement in the
12  conspiracy, this court decides to apply the low end of the guideline range, defendant would receive
13  a 24 month sentence, 6 months less than his current 30 month sentence. (Doc. #774).

14  The government contends that because defendant's guidelines calculation should have
15  been higher than what he received, he fails to raise a substantial question that could result in a
16  reduced sentence as required by 18 U.S.C § 3143(b). The government maintains that it is highly
17  unlikely that defendant's question—upon appeal—would result in a sentence of probation or a
18  reduced sentence. (Doc. #779). Defendant not only was a significant leader in a conspiracy that
19  victimized thousands, but he was involved in victimizing over 250 individuals who suffered actual
20  loss at Vistana, and that is the number he should be held accountable for. Indeed, the government
21  notes, if the victim enhancement is scrutinized, the Ninth Circuit may likely find that this court
22  would have been within its discretion to apply the 6-point victim enhancement. (Doc. 779).

23  Defendant's motion for bail pending appeal fails to satisfy the "substantial question of law
24  or fact" provision of 18 U.S.C. § 3143(b)(1)(B). A mere two-level enhancement was quite
25  "generous" by both probation and this court. Defendant was involved in a massive, fraudulent
26  scheme with "thousands of victims." PSR at 78. Indeed, probation's calculation was lower than
27  the plea agreement and lower than the government's calculation.

28

James C. Mahan
U.S. District Judge

In determining its sentencing recommendation, probation counted only the HOA communities as actual victims. PSR at 78. Over ten HOAs suffered actual loss at the hands of the conspiracy led, in part, by defendant. Defendant does not contest that the homeowners associations are the appropriate entities to count. Indeed, if probation and this court had instead counted the number of actual victims, as permitted by U.S.S.G. § 2B1.1(b)(2), defendant would have faced an enhancement three times higher than what he received.

Because the defendant pled guilty to conspiracy, he is responsible for all of the communities involved in the fraudulent scheme. *Id.* Therefore, probation did not count just the Visitana, but rather all of the HOAs that suffered loss. This was explained to defendant at sentencing; indeed, defendant acknowledged that he should be held responsible for the entire loss perpetrated by the conspiracy, particularly since he was a leader of the conspiracy. Sent. Trans. at 6.

Defendant's sole basis for his sentence reduction on appeal is that the Vistana HOA should be the only community included in his victim calculation. Defendant's guideline calculation was determined based upon the injuries of the homeowners associations caused by the conspiracy, which included over ten communities. Furthermore, even if defendant prevails on appeal, he may not receive a reduced sentence as his original 30 month sentence is still within the reduced guideline range proffered. For this reason, defendant has not met his burden of proving that a substantial question exists. The court will therefore deny defendant's motion for bail pending appeal.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for bail pending appeal, (doc. # 774), be, and the same hereby is, DENIED.

DATED November 24, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -